# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHEN DIVISION

**LUIS ORLANDO BENAVIDES ENRIQUEZ**             **PETITIONER**

v.                                            **CIVIL ACTION NO. 3:23-cv-3067-KHJ-MTP**

**WARDEN L. PING**                                       **RESPONDENT**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the Petition [1] for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Having considered the submissions of the parties and the applicable law, the undersigned recommends that the Petition be dismissed without prejudice.

## BACKGROUND

On July 20, 2022, Petitioner was convicted in the United States District Court for the Eastern District of New York for conspiracy to distribute cocaine internationally in violation of 21 U.S.C. §§ 959, 960, and 963. *See* [8-3] at 1. He was sentenced to 120 months of incarceration. *See* [8-3] at 2. Petitioner is currently housed at the Federal Correctional Complex in Yazoo City, Mississippi ("FCC Yazoo City").

On November 8, 2023, Petitioner filed the instant action under 28 U.S.C. § 2241 arguing that he has earned First Step Act time credits,[1] which the Bureau of Prisons ("BOP") has not applied to his sentence. *See* [1]. Respondent filed a Response [8] arguing, *inter alia*, that the Petition [1] should be dismissed because Petitioner failed to exhaust his administrative remedies prior to filing this action. Petitioner filed no reply.

---

[1] *See* 18 U.S.C. § 3632. The First Step Act provides eligible inmates with opportunities to participate in and complete recidivism reduction programs or productive activities which offer the inmates potential reductions in their sentences.

1

## ANALYSIS

Prior to seeking habeas relief pursuant to 28 U.S.C. § 2241, a federal inmate must exhaust his administrative remedies through the BOP. *Rourke v. R.G. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993); *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). "[P]roper exhaustion of administrative remedies is necessary," and the exhaustion requirement is not satisfied by "filing an untimely or otherwise procedurally defective grievance or appeal." *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006); *see also Herrera-Villatoro v. Driver*, 269 Fed. App'x. 372 (5th Cir. 2008). There are exceptions to the exhaustion requirement, but these exceptions only apply in "extraordinary circumstances." *Broderick v. Chapman*, 364 Fed. App'x. 111, 112 (5th Cir. 2010). "'Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action.'" *Fuller*, 11 F.3d at 62 (quoting *Hessbrook v. Lennon*, 777 F.2d 999, 1003 (5th Cir. 1985)). A petitioner seeking waiver of the exhaustion requirement bears the burden of demonstrating the futility of administrative review. *Id*.

Respondent, citing 28 C.F.R. §§ 542.13-542.15, points out that the BOP has a multi-step administrative process for resolving prisoner complaints. Initially, an inmate must attempt to informally resolve the complaint with staff. Thereafter, the inmate must submit a request for administrative remedies to the warden. If the inmate is dissatisfied with the warden's response, he may appeal to the Regional Director. If the inmate remains dissatisfied, he may proceed to the final step of the grievance process, an appeal to the BOP's Office of General Counsel. *See* C.F.R. §§ 542.13-542.15.

Respondent submitted a declaration from Michael Figgsganter, an attorney with the Consolidated Legal Center at FCC Yazoo City, stating that Petitioner failed to make any attempt to resolve the issue concerning First Step Act time credits through the administrative process. *See* [8-2] at 1. Indeed, Petitioner admits that he did not attempt to exhaust administrative remedies. *See* [1] at 2.

For his part, Petitioner argues that an attempt at exhaustion would be futile. *See* [1] at 6. According to Petitioner, "the BOP is maliciously misinterpreting the clear text of the relevant statutes . . . ." *Id*. Petitioner notes that a deportable alien is ineligible for First Step Act time credits if he or she is subject to a final order of removal. *Id*. Petitioner argues that although he is a deportable alien, he is not subject to a final order of removal and, thus, qualifies for First Step Act time credits. *Id*.

As previously mentioned, the exhaustion requirement may be excused if "the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action.'" *Fuller*, 11 F.3d at 62. For example, in *Gallegos-Hernandez v. U.S.*, the United States Court of Appeals for the Fifth Circuit held that a prisoner challenging the constitutionality of a BOP regulation, which excluded aliens from participation in rehabilitation programs, was not required to exhaust administrative remedies before filing his habeas petition. 688 F.3d 190, 194 (5th Cir. 2012). The court explained "it would have been futile for him to make an administrative challenge seeking this relief from those who are charged to enforce the regulation." *Id*.

An inmate, however, must still exhaust a claim that the BOP "erred in its application of" statutes and regulations. *Id*. Such is the case here. "Unlike the petitioner in *Gallegos-Hernandez* . . ., [Petitioner] is not arguing in this case that the BOP's regulations or governing statutes are

3

unconstitutional." *Aldaco v. Nash*, 2016 WL 407322, at *3 n.2 (W.D. Tex. Feb. 2, 2016).[2] Instead, Petitioner "is challenging the []BOP's denial of time credits based on his status as a deportable alien, and there is no indication that the []BOP's decision is not subject to challenge through the administrative review process." *Valencia v. Holzapfel*, 2024 WL 923200, at *2 (E.D.N.C Mar. 4, 2024) (holding that petitioner—an alien not subject to a final order of removal—must exhaust his claim that the BOP wrongfully withheld earned First Step Act time credits). Thus, it is appropriate for the BOP to determine through the administrative process whether Petitioner is entitled to time credits.[3]

Petitioner has failed to demonstrate any extraordinary circumstances that would warrant waiving the exhaustion requirement. Accordingly, this action should be dismissed without prejudice so that Petitioner may utilize the available administrative remedies process.

## RECOMMENDATION

For the reasons stated above, the undersigned recommends that the Petition for Writ of Habeas Corpus [1] be DENIED and this action be DISMISSED without prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the

---

[2] Indeed, it appears that BOP regulations allow prisoners who are subject to immigration detainers to apply time credits to their sentence. *See Favelz-Gomez v. Birkholz*, 2023 WL 4155401, at *3 (C.D. Cal. June 8, 2023) (citing BOP Program Statement 5410.01).

[3] Petitioner also states that he "is engaging the textual exception of exhausting his administrative [remedies] available in the Prison Litigation Reform Act of 1995 [("PLRA")] . . . ." *See* [1] at 6. The PLRA, however, does not apply to 28 U.S.C. § 2241 habeas proceedings. *See Davis v. Fechtel*, 150 F.3d 486 (5th Cir. 1998).

recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This 11th day of April, 2024.

s/ Michael T. Parker<br>United States Magistrate Judge